IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TENNESSE | ) | |
| | ) | |
| v. | ) | NO. 3:07-0847 |
| | ) | |
| JESSIE D. MCDONALD | ) | |

TO: Honorable Robert L. Echols, District Judge

# REPORT AND RECOMMENDATION

By order entered August 21, 2007 (Docket Entry No. 5), this action was referred to the Magistrate Judge for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and under the Local Rules of Court.

## I. BACKGROUND

Plaintiff is a Tennessee resident who was issued a misdemeanor citation on March 1, 2007, for the offense of possession of a gambling device, i.e., a numbers ticket, in violation of Tenn. Code Ann. § 39-17-505.

On March 5, 2007, the Plaintiff served a notice of removal of the state criminal proceedings that were pending against him in the General Sessions Court for Nashville and Davidson County, Tennessee to the United States District Court for the Middle District of Tennessee pursuant to

28 U.S.C. §§ 1446 and 1331. See Docket Entry No. 2.[1] Plaintiff raises constitutional challenges to the state statute he is alleged to have violated and asks that this Court conduct an evidentiary hearing on the constitutionality of the state statute.

Plaintiff has filed a motion for a preliminary injunction (Docket Entry No. 8) seeking an order enjoining the State of Tennessee from pursuing his criminal prosecution and an order enjoining the State of Tennessee from taking certain actions related to the Tennessee Lottery. He has also filed a motion to dismiss (Docket Entry No. 12), in which he seeks to dismiss the state criminal prosecution on the grounds that Tenn. Code Ann. § 39-17-505 is unconstitutional and that the complaint against him fails to state a claim upon which relief can be granted through a criminal prosecution.

In his motion to dismiss, Plaintiff states that the criminal action against him was set for trial on September 17, 2007. The Court is unaware of the outcome of the trial or if it occurred as scheduled. The record indicates that a certified copy of the Court's Order of October 4, 2007 (Docket Entry No. 14), sent to Plaintiff at the address he provided was returned to the Court unclaimed. See Docket Entry No. 15.

---

[1] Plaintiff failed to either pay the filing fee or provide a properly completed and signed application to proceed in forma pauperis ("IFP application") at the time he submitted his Notice of Removal. See Docket Entry No. 1 in General Docket No. 3:07-MC-0068. On July 6, 2007, the Court received Plaintiff's IFP application, but denied the application and directed that the Clerk not file the Notice of Removal until such time as Plaintiff tendered the filing fee. See Docket Entry No. 4 in General Docket No. 3:07. Upon Plaintiff's filing of a motion for relief from that Order, the Court vacated the prior order, granted Plaintiff's IFP application, and the Notice of Removal was filed on August 21, 2007. See Docket Entry No. 5.

2

## II. CONCLUSIONS

The Court finds that removal of this action was improper and the action should be summarily remanded back to the state court. Plaintiff seeks to enjoin the State of Tennessee from prosecuting him for a criminal misdemeanor in a pending state criminal proceeding. Although Plaintiff has set forth bases for his objections to the criminal prosecution, he has not shown that any statutory basis either compels or permits removal of the state criminal proceeding to the federal court under 28 U.S.C. §§ 1441-1444. Merely arguing that a state statute is unconstitutional is not a basis for removal of a state criminal proceeding to federal court.

Furthermore, Plaintiff has failed to show that extraordinary circumstances exist which require the Court to depart from the general rule of abstention from federal interference with state criminal judicial proceedings. See Younger v. Harris, 401 U.S. 37, 44-45, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).[2]

Accordingly, pursuant to 28 U.S.C. § 1446(c)(4), the Court RECOMMENDS that this action be summarily remanded back to the General Sessions Court for Nashville and Davidson County, Tennessee. Plaintiff's motion for a preliminary injunction and motion to dismiss should accordingly be DENIED as moot.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written

---

[2] The Court notes that the instant action is at least the second attempt by Plaintiff to remove state court proceedings to federal court. See McDonald v. Tennessee, 79 Fed.Appx. 793, 2003 WL 22455421 (6th Cir. 2003) (unpublished).

3

objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                                  Respectfully submitted,

                                                  JULIET GRIFFIN
                                                  United States Magistrate Judge