UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| STATE OF TENNESSEE | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:07-0847 |
| | ) | Judge Echols |
| JESSIE D. MCDONALD | ) | |

## ORDER

This matter is before the Court on a Report and Recommendation (R & R) (Docket Entry No. 16) in which the Magistrate Judge recommends summarily remanding this state criminal case back to the General Sessions Court for Davidson County, thereby rendering moot Plaintiff's "Motion for Preliminary Injunction" and "Motion to Dismiss" (Docket Entry Nos. 8 & 12). Plaintiff has filed "Objections To Report and Recommendations" (Docket Entry No. 18).

This action arises out of Plaintiff's receipt of a misdemeanor citation for the offense of possession of a gambling device, i.e., a numbers ticket. Plaintiff filed a notice of removal of the state criminal proceedings and purports to raise constitutional challenges to the state criminal statute criminalizing numbers games. He asserts that the Tennessee Lottery is "an exact copy" of the numbers game (Docket Entry No. 18 at 3), yet Tennessee Lottery players are not subject to arrest, as are numbers players.

The Magistrate Judge recommends remanding this action since it involves ongoing state criminal proceedings. Plaintiff raises conclusory objections asserting, *inter alia*, that state appellate courts have refused to properly apply the law; there are racial undertones in the prosecution of numbers players; the numbers game has been played in Nashville since 1928 and is "done under color of authority derived from the United States Constitution" (id); and numbers players' right to equal

1

protection under the law is violated by the state statute because they are subject to prosecution whereas lottery players are not.

As the Magistrate Judge correctly noted, federal courts will not interfere with ongoing state proceedings absent compelling and extraordinary circumstances. See, Younger v. Harris, 401 U.S. 37, 44-45 (1971). Indeed, a federal court should not interfere with such proceedings "'unless state law clearly bars the interposition of the constitutional claims.'" Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)(citation omitted).

In his Objections, Plaintiff makes clear that his state court case has been bound over to a grand jury and the case is pending in that status. While Plaintiff baldly asserts "[t]he state appellate courts refused to enforce laws that were applicable to issues involved in this case," (Docket Entry No. 18 at 3), it is clear that the courts of this state are fully able to consider Plaintiff's constitutional claims.

Accordingly, the R&R (Docket Entry No. 16) is hereby ACCEPTED and Plaintiff's "Objections to Report and Recommendations" (Docket Entry No. 18) are hereby OVERRULED. Plaintiff's "Motion for Preliminary Injunction" (Docket Entry No. 8) and "Motion to Dismiss" (Docket Entry No. 12) are hereby DENIED AS MOOT. This case is hereby REMANDED to the Metropolitan General Sessions Court for Davidson County.

Entry of this Order on the docket shall constitute entry of a final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE